**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:21 CR 674** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Tiffany Williams,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's *pro se* Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 615) and the Supplement to Motion for Relief under 28 U.S.C. § 2255 filed by counsel (Doc. 650) . For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**Facts**

Defendant filed this motion in a *pro se* capacity setting forth two grounds for relief. Upon request, counsel was appointed. Counsel then filed a Supplement to Motion for Relief under 28 U.S.C. § 2255 which sets forth one additional claim for ineffective assistance of trial

counsel. As discussed below, the government agrees that this supplemental claim warrants relief in the form of a *de novo* resentencing.[1] Defendant's counsel set forth the underlying facts:

> On October 28, 2021, a 40-count superseding indictment was filed charging 27 defendants with various offenses related to a drug trafficking conspiracy. Tiffany Williams was one of those defendants and was charged only in Count One – conspiracy. Ms. Williams' role in the conspiracy was "essentially that of a courier" and her role was minor.
>
> .
>
> From the beginning, Ms. Williams accepted responsibility for her role in the offense. The parties negotiated a plea agreement which set the base offense level at 38, based on the weight of the drugs involved. The parties agreed Ms. Williams was a minor participant and was entitled to a two-level reduction under U.S.S.G. § 3B1.2(b). The plea agreement was silent on Ms. Williams' eligibility for a reduction under the safety valve provision. Ms. Williams did retain the right to ask for a two-level departure under on U.S.S.G. § 5H1.6 based on the severe medical conditions of her minor son and Ms. Williams' need to provide him care. At the change of plea hearing, the Court reviewed the plea agreement's calculation of the guidelines, confirmed the accuracy and truth of the factual basis and relevant conduct, and accepted Ms. Williams' guilty plea.
>
> A Presentence Investigation Report was prepared and calculated the advisory guidelines range consistent with the written plea agreement. The PSR also applied a two-level reduction for safety valve. Prior to sentencing, Ms. Williams' trial counsel filed a sentencing memorandum with Ms. Willams' statement accepting responsibility for her role in the offense, and medical records in support of the departure or variance under U.S.S.G. § 5H1.6. Counsel explained that Ms. Williams' 13-year-old son has suffered a traumatic brain injury and has had numerous medical and behavioral complications associated with that injury.
>
> At sentencing, the Court granted Ms. Williams a three-level reduction for her acceptance of responsibility. Ms. Williams' guidelines range was set at 70-to-87 months. Ms. Williams' counsel argued for a two-level departure/variance based on her son's medical complications and requested the Court impose a sentence at the low-end of that range of 57-to-71 months. The government acknowledged Ms.

---

[1] The Court agrees with the government that defendant's *pro se* arguments lack merit and, accordingly, denies those claims for the reasons stated by the government. Thus, the Court only addresses the one undisputed ground for relief herein.

> Williams' limited and minor role in the offense and requested a sentence at the low-end of the applicable guidelines range. The government took no position on the departure/variance request under § 5H1.6.
>
> The Court imposed a sentence of 57 months. The Court noted that it gave Ms. Williams a two-level variance because it "acknowledge[d] that [her] circumstances are a bit different than the norm and certainly significantly more challenging due to [her] son's medical condition." The Court hoped that this sentence would be enough of a wake-up call for Ms. Williams to "get on the right path and be the mother [her] children deserve."

(Doc. 650, document references omitted).

This matter is now before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence and Supplement to Motion for Relief under 28 U.S.C. § 2255 .

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some

probability of verity, are not sufficient to warrant a hearing."*O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

**Discussion**

The Supplement raises one ground for ineffective assistance of trial counsel based on trial counsel's failure to properly calculate the applicable guidelines range and by recommending that defendant sign a plea agreement to the incorrect range which this Court relied upon when imposing sentence. The Supplement requests that the Court vacate defendant's sentence and hold a resentencing hearing using the correct guidelines range. The government agrees that the one ground for ineffective assistance of counsel set forth in the Supplement warrants relief, and also requests that this matter be set for a *de novo* resentencing so that defendant's guidelines calculation can be properly recalculated and applied.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). The parties agree that defendant's counsel's performance was deficient and prejudice resulted.

As explained by the government:

> Pursuant to the plea agreement, the parties agreed that William's base offense level was a 38. The parties also agreed that Williams was deserving of a two-level reduction based on her role in the offense pursuant to U.S.S.G. 3B1.2. In fashioning an appropriate sentence, the Court made findings that were consistent with the plea agreement and found Williams to have a base offense level of 38 and applied a two-level reduction based on her role in the offense. Williams now asserts that because her base offense level was a 38 and she was given a reduction for her role pursuant to 3B1.2, she was entitled to an additional four-level reduction pursuant

to 2D1.1(a)(5)[2]. In short, the undersigned agrees.

> The nature of the guidelines calculation error at issue here is an oversight of a provision of the United States Sentencing Guidelines that necessarily applied to Williams based on the discretionary findings that the Court made. Because Williams was found to have a base offense level of 38, and she was found to have a mitigated role, it is clear that she was entitled to the additional above-described guidelines reduction by virtue of the mechanical operation of the sentencing guidelines.

(Doc. 670 at 11-12).

Accordingly, both parties agree that defendant is entitled to a four-level reduction in her offense level. USSG § 2D1.1(a)(5). Defendant asserts that her guidelines range was calculated at 70 to 87 months but should have been 46 to 57 months. Alternatively, she maintains that accounting for the same two-level variance under 5H1.6, the correct range would be 37-to-46 months and not the 57 to 71 months used by the Court.[3]

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is granted in part and denied in part. In particular, the two grounds set forth in the *pro se* motion are denied, and the one ground set forth in the Supplement is granted. A resentencing will be set.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/16/24

---

[2] According to 2D1.1(a)(5), "if (A) the defendant receives an adjustment under 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is…is 38, decrease by 4 levels."

[3] The BOP website lists defendant's current release date as June 22, 2025.